# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RECO ENGLISH

    Petitioner,

-vs-

ED BANKS, Warden, Noble
 Correctional Institution,

    Respondent.

Case No. 1:11-cv-675

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

# DECISION AND ORDER DENYING MOTION FOR DISCOVERY

    This case is before the Court on Petitioner's Motion for Discovery (Doc. No. 17). The Motion was made after the Magistrate Judge filed a Report and Recommendations recommending dismissal of this case with prejudice (Doc. No. 15). Petitioner says he needs the discovery to "give a strong objection to" the Report (doc. No. 17, PageID 2110).

    Mr. English does not explain what documents he wants produced, stating instead that he and his counsel saw most of them during trial, citing Trial Tr. p. 802 (PageID 1378). The only reference at that page is to an unstated number of unidentified photographs which counsel and Mr. English wanted to examine during a recess.

    A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing §2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether

1

discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, *citing United States v. Armstrong*, 517 U.S. 456 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001), *citing Murphy v. Johnson,* 205 F. 3rd 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487 (6th Cir. 2003)(*quoting Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974, (6th Cir. 2004), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Id., citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Petitioner has not suggested what is in these photographs which would undermine the conclusions in the Report as to any one of his twelve grounds for relief. In the absence of some showing that the discovery would produce evidence relevant to any one of his claims, the Motion is denied.

September 4, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge