# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RECO ENGLISH

    Petitioner,

:

Case No. 1:11-cv-675

:

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

-vs-

ED BANKS, Warden, Noble
 Correctional Institution,

:

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (Doc. No. 19) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 15) recommending that the Petition be dismissed with prejudice. Judge Spiegel has recommitted the case for reconsideration in light of the Objections (Order, Doc. No. 20).

### Ground for Relief One: Vindictive Sentencing

In his First Ground for Relief, English asserts the trial judge punished him by sentencing him more harshly for insisting on a jury trial rather than pleading. This claim was not presented on direct appeal, but English seeks to excuse that default by claiming it was ineffective assistance of appellate counsel to fail to present the claim. He made his claim of ineffective assistance of appellate counsel in an Application for Reopening under Ohio R. App. P. 26(B) and the claim was

1

decided against him on the merits by the Hamilton County Court of Appeals. That court concluded the claim would not have succeeded had it been raised because it did not have support in the record. English argued in his Reply that the conclusion of the court of appeals was wrong because there was record support and he cited a colloquy on the first morning of trial (Reply, Doc. No. 12, PageID 2034, citing Trial Tr. 101-102, Return of Writ, Doc. No. 9, Ex. 11, PageID 677-678). The Report concluded that this colloquy supported the court of appeals' opinion that the record did not show vindictive sentencing (Report, Doc. No. 15, PageID 2080).

In his Objections, English asserts "The Magistrate and Petitioner agree that Ground One has not been Procedurally Defaulted. . . ." (Doc. No. 19, PageID 2114). **That is not correct**. The Report found Ground One was procedurally defaulted because it had not been raised on direct appeal and English failed to prove cause and prejudice to excuse that default, i.e., he failed to show that the court of appeals' decision that it was not ineffective assistance of appellate counsel to raise this claim was an objectively unreasonable application of Supreme Court precedent (Report, Doc. No. 15, PageID 2080).

English again points to the colloquy about a possible plea which occurred at the commencement of trial on August 12, 2008, and which is quoted in the Report from the trial transcript (Report, Doc. No. 15, PageID 2079-2080). English argues that it can be inferred from this colloquy that the trial judge had been involved in plea negotiations to the extent of talking with his family to try to get them to persuade him to take the offered deal (Objections, Doc. No. 19, PageID 2114). However, as the court of appeals noted, there is no admissible evidence in the record that such a meeting occurred: no affidavits from family members who were present, no testimony about what the judge said and did. Petitioner asks for an evidentiary hearing,

presumably to supply that evidence, but this Court is precluded from considering any evidence which might be offered at such a hearing. *Cullen v. Pinholster,* 563 U.S. \_\_\_, 131 S.Ct. 1388 (2011).

**Grounds Two and Seven: Insufficient Evidence**

Both Grounds Two and Seven were analyzed together in the Report because both raise the legal question whether the evidence was sufficient to support the convictions (Report, Doc. No. 15, PageID 2080-2088). This claim was made on direct appeal and decided on the merits by the Hamilton County Court of Appeals under the correct federal standard adopted in *Jackson v. Virginia*, 443 U.S. 307 (1979).

English first objects that "[t]he Magistrate is misrepresenting the truth concerning the surveillance of Officer Fangman as being around the clock surveillance when there is clearly no testimony of [sic] provided to this assertion" (Objections, Doc. No. 19, PageID 2115). **That is not correct.** There is no such finding anywhere in the Report. Instead, the Report quoted the court of appeals' finding that Officer Fangman's surveillance was "limited." (Report, Doc. No. 15, PageID 2081.)

English then spends several pages of the Objections (PageID 2115-2117) disagreeing with the Officer Fangman's testimony and attempting to show that he was lying. The jury heard Fangman's and Petitioner's testimony. It was entitled to believe Fangman and not the Petitioner. As the Report concluded, "[t]he question of credibility of witnesses is for the jury and there was sufficient evidence presented which, if the jury believed it as they evidently did, could convince a

rational juror that Petitioner was guilty beyond a reasonable doubt" (Report, Doc. No. 15, PageID 2088).

**Ground Three: Violation of the Fourth Amendment**

**Ground Six: Failure to Disclose the Identity of the Confidential Informant**

In Ground Three English claims his Fourth Amendment rights were violated when his residence was searched on an improper search warrant. The Report concluded merits review of this claim was barred by *Stone v. Powell*, 428 U.S. 465 (1976).

In Ground Six English claims his Confrontation Clause rights were violated when the identity of the confidential informant used to obtain the search warrant was not disclosed. The Report concluded this claim was procedurally defaulted by failure to raise it on direct appeal and the court of appeals' failure to find ineffective assistance of appellate counsel in not including it was an objectively reasonable application of Supreme Court precedent (Report, Doc. No. 15, PageID 2096-2097).

English argues his objections on these two Grounds for Relief together (Objections, Doc. No. 19, PageID 2117-2121). The nub of his claim is that there was no confidential informant, but instead the informant was made up and the affidavit in support of the search warrant was perjured. In support of this theory, English quotes in his Objections the statement of this theory made by his trial attorney, Mr. Felson, in a Motion to Disclose the informant's name (Exhibit 12 to Return of Writ, Doc. No. 9, PageID 198-201). This, of course, is lawyer argument, not evidence of any sort. Petitioner was given an evidentiary hearing on his motion to suppress and there is no testimony in

support of that theory, but only counsel's cross-examination of Officer Fangman (See Transcript, Return of Writ, Doc. No. 9, PageID 577-630). English offers no argument about how this hearing was unfair or how he was denied an opportunity to litigate the motion, except that he was not given the name of the informant. He cites no Supreme Court precedent holding that a "full and fair opportunity to litigate" a Fourth Amendment claim requires disclosure of the confidential informant relied on by the police.

With respect to his Sixth Ground for Relief, Mr. English merely asserts that "[h]ad this motion been litigated, there exists a reasonable possibility that it would have been shown that the police did in fact falsify information in its [sic] affidavit to obtain a search warrant for the residence where Petitioner was found" (Objections, Doc. No. 19, PageID 2120). He goes on to claim that the confidential informant did not exist, but he points to no evidence in the record to support that assertion. Obviously there is no Confrontation Clause violation in the failure to disclose a non-existent person who did not testify.

Finally, English says nothing about his standing to contest the search of the place where he was arrested when he vigorously denied it was his residence at all.

**Ground Five:   Ineffective Assistance of Trial Counsel**

In his Fifth Ground for Relief, English asserts his trial attorney, Edward Felson, was ineffective in a number of ways. The Report found this claim procedurally defaulted by English's failure to include it in a timely petition for post-conviction relief under Ohio Revised Code § 2953.21, noting that English's post-conviction petition was dismissed on this basis (Report, Doc.

No. 15, PageID 2094-2095). The Report also found a second procedural default in Petitioner's failure to appeal the dismissal to the Ohio Supreme Court. *Id.* The Report concluded English had offered no showing of cause and prejudice to excuse either of these defaults.

English now seeks to excuse his procedural default in filing the post-conviction petition late by relying on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). In that case the Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

132 S. Ct. at 1318-1319. Ohio requires ineffective assistance of counsel claims which depend on the trial record to be raised on direct appeal, but claims depending on evidence *dehors* the record to be raised by petition for post-conviction relief under Ohio Revised Code § 2953.21. Petitioner's claim of ineffective assistance of trial counsel relied on in his Objections is the failure to present at trial the testimony of Brooke Goodwin who allegedly would have testified that the drugs and weapons the police found belonged to her and the owner of the house, John Kenney. That is a claim which depends on evidence outside the record, so Ohio would require it to be presented in a post-conviction petition.

6

*Martinez* is of no assistance to Petitioner. He makes no showing that he sought to have counsel appointed to represent him in the post-conviction proceeding, nor was his default – filing late – the result of any ineffective assistance of counsel in that proceeding. Rather his filing was late because he mistakenly believed that the five federal holidays which fell during the 180-day period he had within which to file would not be counted, but there is no rule of law to that effect. Even in federal court, those five holidays would be excluded even from very short periods of time only if the holiday was the last day of the period. Fed. R. Civ. P. 6(A)(1)(C). He also claims the benefit of the "mailbox" rule in *Houston v. Lack,* 487 U.S. 266 (1988). However, Ohio does not recognize the mailbox rule, *State, ex rel Tyler, v. Alexander*, 52 Ohio St. 3d 84 (1990), and is not constitutionally required to do so. *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1183 (10th Cir. 2000).

English argues the second default held against him – failure to appeal to the Ohio Supreme Court from dismissal of his post-conviction petition – did not happen. As proof, he attaches received-stamped copies of his Notice of Appeal and Memorandum in Support of Jurisdiction (Exhibit 3 to Objections, Doc. No. 19, PageID 2141-2149).

The Return of Writ asserts "English did not pursue an appeal to the Ohio Supreme Court." (Return of Writ, Doc. No. 9, PageID 48). As his exhibits show, he did attempt to pursue an appeal, but it was not accepted: "received" stamps in the Ohio Supreme Court do not reflect filing and there is no reported decision of the Ohio Supreme Court declining to take jurisdiction over an appeal from Hamilton County App. Case No. C-090868. From these facts, the Magistrate Judge infers that whatever English did in attempting to appeal, he was not successful in filing an appeal.

Thus English has not overcome either of the procedural defaults of Ground Five which were found in the Report.

**Ground Eight: Prosecutorial Misconduct**

In his Eighth Ground for Relief, English asserts he was denied a fair trial by many instances of prosecutorial misconduct. The Report found all of these claims procedurally defaulted by failure to raise them on direct appeal except for the claim that the prosecutor had called English a liar and that claim was procedurally defaulted by failure of trial counsel to make a contemporaneous objection (Report, Doc. No. 15, PageID 2097-2099). Petitioner makes no response to this finding, but merely asks for an evidentiary hearing (Objections, Doc. No. 19, PageID 2126). Such a hearing is precluded by *Pinholster, supra*.

**Ground Nine: Denial of a Continuance**

In his Ninth Ground for Relief, English claims he was denied effective assistance of counsel because the trial court denied a continuance of trial to allow counsel to prepare. The Report found the claim was procedurally defaulted and, alternatively, without merit given that Mr. Felson was the sixth attorney English retained to try the case.

The court of appeals had held it was not ineffective assistance of appellate counsel to fail to raise this claim on direct appeal because it depended on evidence outside the record. English disputes that in his Objections, noting that the denial of continuance is shown in the record.

While that is correct, what the court of appeals found and what the Report agrees with is that English's appellate attorney could not have shown any prejudice from denial of the continuance based on what was in the record. In other words, to show prejudice, English would have to show what additional preparation Mr. Felson needed and there is no evidence of that on the record. Petitioner now says his sole reason for wanting a continuance was to present the testimony of Brooke Goodwin (Objections, Doc. No. 19, PageID 2127). However, he presents no record references to show that that point was made to the trial judge or why Goodwin was not available at the time of trial.

**Ground Ten: Appeals Court Failure to Consider *pro se* Supplemental Brief on the Merits**

In his Tenth Ground for Relief, English complains that the Hamilton County Court of Appeals refused to consider his supplemental *pro se* brief. The Report found this claim procedurally defaulted by failing to include it in the direct appeal to the Ohio Supreme Court and also without merit because there no constitutional right to hybrid representation (Report, Doc. No. 15, PageID 2101, *citing McKaskle v. Wiggins*, 465 U.S. 168 (1984)). The Objections do not require further analysis of this Ground for Relief.

**Ground Eleven: Admission of Douglas Ventre's Testimony**

In his Eleventh Ground for Relief, English complains that the trial court admitted the testimony of Officer Douglas Ventre, even though he was not on the prosecution's list of witnesses disclosed in discovery. The Report concluded this claim was barred by procedural default because it had not been raised on direct appeal. The Report also concluded the claim was without merit because the trial judge had offered a continuance if needed and, in any event, there is no constitutional right to disclosure of witness names pre-trial.

English objects that *Brady v. Maryland*, 373 U.S. 83 (1963) requires this disclosure (Objections, Doc. No. 19, PageID 2128). *Brady*, however, requires the disclosure of exculpatory evidence, and Ventre's testimony was strongly inculpatory. English relies on Ohio R. Crim. P. 16 which requires pre-trial disclosure of expected witnesses, but not every requirement of state procedural law is also required by the United States Constitution.

**Ground Twelve: Cumulative Error**

In his Twelfth Ground for Relief, English claimed that the accumulated errors at trial deprive him of a fair trial. The Report recommended that claim be dismissed because the Supreme Court has not recognized cumulative error claims and, in any event, English had not shown any individual constitutional errors (Report, Doc. No. 15, PageID 2102-2103).

English begins his Objections on this Ground for Relief by citing the proposition that "*pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers."

(Objections, Doc. No. 19, PageID 2129, citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).) English fundamentally misunderstands the *Haines* precedent. *Pro se* pleadings are to be liberally construed, but that does not mean there is one set of constitutional rights for those who are represented by counsel and another much more liberal set for those proceeding *pro se*. To put it another way, cumulative error is not a constitutional basis for overturning a criminal conviction whether the claim is made by an attorney or a habeas petitioner proceeding *pro se*.

### Conclusion

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice, that the Petitioner be denied a certificate of appealability, and that the Court certify any appeal would be objectively frivolous.

October 1, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge
